IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff, | § | |
| v. | § | CRIMINAL ACTION NO. 4:07CR-194 |
| DENNIS WAYNE BAECHT | § | |
| Defendant. | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Now before the Court is the request for revocation of Defendant's supervised release. After the District Judge referred the matter to this Court for a report and recommendation, the Court conducted a hearing on December 15, 2015, to determine whether Defendant violated his supervised release. Defendant was represented by Frank Henderson. The Government was represented by Kevin McClendon.

On April 24, 2008, Defendant was sentenced by the Honorable United States District Judge Marcia A. Crone of the Eastern District of Texas after pleading guilty to the offense of Felon in Possession of a Firearm. Defendant was sentenced to fifty-seven (57) months imprisonment followed by a three (3) years of supervised release.

The term of supervised release was revoked on April 10, 2013, and the Defendant was sentenced to eighteen (18) months imprisonment followed by an additional eighteen (18) months of supervised release.

On August 30, 2011, Defendant completed his period of imprisonment and began service of his term of supervised release. Following his revocation, a new term of supervised release began on May 23, 2014.

On August 28, 2015, the U.S. Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision [Dkt. 43 Sealed]. The Petition asserted that Defendant violated five (5) conditions of supervision, as follows: (1) Defendant shall not commit another federal, state, or local crime; (2) Defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court; (3) Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician; (4) Defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month; and (5) Defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.

The Petition alleges that Defendant committed the following acts: (1) On July 29, 2015, the defendant was arrested by the Grayson County Sheriff's Office for Unlawful Delivery of a Controlled Substance PG1 (methamphetamine), Unlawful Delivery of a Controlled Substance PG2 (Xanax), Possession of a Dangerous Drug (K2), and Unlawful Carrying of a Dangerous Weapon x2. The defendant was released from custody July 30, 2015, on a $6,530 bond. As of this writing, charges have not been filed; (2) and (3) On May 6, 2015, the defendant submitted a urine specimen that tested positive for methamphetamine. Mr. Baecht admitted to using methamphetamine. On May 12, 2015, the defendant submitted a urine specimen that tested

positive for methamphetamine. The defendant denies using methamphetamine between May 6, 2015 and May 12, 2015; (4) The defendant failed to report for a scheduled office visit at the U.S. Probation Office on August 5, 2015, as directed; and (5) The defendant failed to notify the probation officer within 72 hours of his arrest on July 29, 2015.

Prior to the Government putting on its case, Defendant entered a plea of true to allegations two (2) and three (3) of the Petition, specifically that Defendant shall refrain from any unlawful use of a controlled substance; shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter; and that Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician. The Government withdrew the remaining allegations. Having considered the Petition and the plea of true to allegations two (2) and three (3), the Court finds that Defendant did violate his conditions of supervised release.

Defendant waived his right to allocate before the District Judge and his right to object to the report and recommendation of this Court.

## RECOMMENDATION

Pursuant to the Sentencing Reform Act of 1984, the Court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons for a term of imprisonment of eighteen (18) months, with no term of supervised release to follow.

The Court also recommends that Defendant be housed in the Bureau of Prisons Seagoville facility, if appropriate. SIGNED this 15th day of December, 2015.

REPORT AND RECOMMENDATION – Page 3

Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE